FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

97 JUN 30  AM 8: 50

U.S. DISTRICT COURT
N.D. OF ALABAMA

LOUIS SCOTT McCAIN                    }
                                      }
        Plaintiff,                    }
                                      }
v.                                    }        CASE NO. CV 96-B-2497-S
                                      }
THE BOARD OF TRUSTEES OF              }
THE UNIVERSITY OF ALABAMA,            }
d/b/a UNIVERSITY OF ALABAMA           }
AT BIRMINGHAM,                        }

                                      **ENTERED**

        Defendant.                    JUN 3 0 1997

## MEMORANDUM OPINION

This case is before the court following plaintiff's counsel's failure to respond to the court's

Show Cause Order and plaintiff's counsel's second failure to attend a scheduling conference as

ordered by the court. Based on plaintiff's counsel's inadequate response to the Show Cause Order

and plaintiff's counsel's failure to prosecute, this action is due to be dismissed with prejudice.[1]

The court set this case for a Federal Rule of Civil Procedure 16(b) scheduling conference

on January 30, 1997. Plaintiff's counsel failed to attend that conference, and the court entered

an order on January 31, 1997, commanding plaintiff's counsel to show cause why he should not

be sanctioned in accordance with Federal Rule of Civil Procedure 16(f) for his failure to attend

the scheduling conference. In the same order, the court also rescheduled the Rule 16(b)

conference for February 14, 1997, and stated that the case would be dismissed for failure to

---

[1] The court intends to dismiss the present action with prejudice, but the result would be the same if the court had chosen to dismiss this action without prejudice. Such a dismissal would effectively bar plaintiff from refiling this Title VII action because of the statute of limitations. Thus, dismissal of this action without prejudice would have the same effect as a dismissal with prejudice.

prosecute if plaintiff's counsel failed to attend this rescheduled conference. On the day that counsel's response to the show cause order was due, counsel's secretary sent a facsimile copy of a letter from the secretary to the court. This letter, attached hereto, is an inadequate response to the court's order and fails to show cause for plaintiff's counsel's absence from the scheduling conference. Furthermore, plaintiff's counsel did not attend the rescheduled Rule 16(b) conference. The court called plaintiff's counsel on the morning of February 14, 1997, at approximately 9:10 a.m. Counsel was in his office on the telephone and stated that he was feeling too ill to make the walk to the courthouse. The court finds that this is an inadequate excuse for not attending the second scheduled Rule 16(b) conference.

The court is mindful of the law in this Circuit that "[d]ismissal with prejudice is a sanction of last resort that is to be utilized only in extreme situations." *Morewitz v. West of England Ship Owners Mut. Protection and Indem. Ass'n*, 62 F.3d 1356, 1366 (11th Cir. 1995). As the Eleventh Circuit has also noted, "'[t]he severe sanction of dismissal with prejudice . . . can be imposed only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id*. (citations omitted); *accord BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048-49 (11th Cir. 1994). The court finds that the plaintiff's counsel's conduct was willful and not simply the result of negligence, misunderstanding or inability to comply. *See BankAtlantic*, 12 F.3d at 1049. Furthermore, the court is of the opinion that lesser sanctions will not suffice. Plaintiff's counsel had an opportunity to respond to the court's show cause order and failed to adequately do so. In light of the ineffectiveness of that order and counsel's failure to attend the rescheduled Rule 16(b) conference, the court is of the opinion that the sanction of dismissal, in accordance with Federal Rules of Civil Procedure 16(f) and 37(b)(2)(C), is appropriate.

2

Therefore, based on the foregoing, the court is of the opinion that the present action is due to be dismissed with prejudice. An Order in accordance with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 30th day of June, 1997.

Sharon Lovelace Blackburn

**SHARON LOVELACE BLACKBURN**
United States District Judge

3